# FISHMAN HAYGOOD PHELPS
# WALMSLEY WILLIS & SWANSON, L.L.P.

201 ST. CHARLES AVENUE
46TH FLOOR
NEW ORLEANS, LOUISIANA 70170-4600
(504) 586-5252
FAX (504) 586-5250

JAMES R. SWANSON
(504) 586-5267 DIRECT
JSWANSON@FISHMANHAYGOOD.COM

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4-5-13

Dated: 4-2-13

*Via Email:*
*Marlon_Ovalles@nysd.uscourts.gov*
*CrottyNYSDChambers@nysd.uscourts.gov*

2585-01

The Honorable Paul A. Crotty
United States District Judge
Southern District of New York
500 Pearl Street, Chambers 735
New York, NY 10007

The Court has a Conference scheduled for April 16, 2013
Should address this issue at that time

So ordered 4-5-13
Paul Crotty
USDJ

Re: *Goldman, Sachs & Co. v. North Carolina Municipal Power Agency Number One,*
No. 13-cv-1319 (S.D.N.Y.) (PAC)

Dear Judge Crotty:

    Pursuant to Rule 3.D of your Honor's Individual Practices, Defendant North Carolina Power Agency Number One ("NCMPA1") respectfully requests a pre-motion conference to move to transfer the above-referenced matter to the District Court for the Eastern District of North Carolina.

    In 2003, NCMPA1 issued auction rate securities ("ARS") to refinance prior debt. NCMPA1 hired Goldman Sachs & Co. ("Goldman") to underwrite and structure that refinancing, and the ultimate decision to issue ARS was based on the advice and recommendation of Goldman. The underwriting of the ARS was governed by a Bond Purchase Agreement between NCMPA1 and Goldman. In addition to its role as underwriter and advisor in connection with issuance, Goldman also acted as the broker-dealer on the post-issuance auctions, pursuant to a Broker-Dealer Agreement.  During the underwriting and structuring process for NCMPA1's bonds, Goldman omitted and misrepresented material facts about the ARS market, including the true extent of its own bidding practices in propping up the ARS market. These misrepresentations and omissions caused NCMPA substantial damages when Goldman Sachs


MEMO ENDORSED

1

abandoned its practice of supporting the ARS market on February 12, 2008, and the market for NCMPA's ARS collapsed due to auction failure.[1]

As a "customer" of Goldman Sachs, NCMPA1 asserted its claims in a FINRA arbitration Statement of Claim filed on December 21, 2012.[2] FINRA Rule 12200 provides that FINRA members, like Goldman Sachs, "must arbitrate a dispute . . . if Arbitration . . . is requested by the customer" and the "dispute arises in connection with the business activities of the member." This FINRA rule establishes a binding agreement between a FINRA member and its customers to arbitrate any disputes arising out of the member's business activities at the hearing location closest to the customer, which, in this case, is Raleigh, North Carolina.[3]

Goldman filed a Complaint in this Court on February 27, 2013, seeking to enjoin the FINRA arbitration proceedings initiated by NCMPA1.[4] The basis of NCMPA1's Motion to Transfer is straightforward: Goldman has filed its preliminary injunction suit in the wrong forum because the FINRA arbitration is proceeding in North Carolina, and numerous courts — including the only court in this district to directly address this issue — have held that the FAA only allows court to enjoin arbitrations in its own district.[5]

The Federal Arbitration Act ("FAA") authorizes a district court to compel arbitration. *See* 9 U.S.C. § 4. Importantly, however, the power of a court to compel arbitration is expressly limited by § 4 of the FAA. Specifically, § 4 of the FAA provides: "The hearing and proceedings, under such [an arbitration] agreement, shall be within the district in which the petition for an order directing such arbitration is filed." Several courts, including this Court and the Seventh Circuit, have construed this provision to require that a court may only compel arbitration in its own district.[6] As noted above, several courts, including in this district, have

---

[1] *See In re Merrill Lynch Auction Rate Sec. Litig.*, 758 F. Supp. 2d 264, 270 (S.D.N.Y. 2010) (Preska, J.) (denying in part a motion to dismiss similar claims brought by an ARS issuer against its underwriter).

[2] An issuer of ARS is a "customer" of its underwriter and broker-dealer and entitled to demand arbitration. *See, e.g., UBS Financial Services, Inc. v. West Virginia University Hospitals*, 660 F.3d 643 (2d Cir. 2011).

[3] FINRA Rule 12213 provides that "Generally, the Director will select the hearing location closest to the customer's residence at the time of the events giving rise to the dispute." NCMPA1 is based in Raleigh, North Carolina.

[4] *See* Goldman's March 19, 2013, letter to the Court.

[5] *See Kelly v. Whitehaven Settlement Funding, LLC*, No. 09-0541, 2010 WL 746983 (S.D. Ill. Feb. 26, 2010) ("The venue directive of Section 4 ... applies to procedures to both compel and those to enjoin arbitration."); *Bao v. Gruntal & Co.*, 942 F. Supp. 978 (D.N.J. 1996) (court may only enjoin arbitration in its own district); *Prudential Secs, Inc. v. Desmond*, 1997 WL 570926, at *2 (E.D. Pa. Sept. 5, 1997) (same); *Kipany Prod., Ltd. v. RMH Teleservices, Inc.*, No. 97-7599, 1997 WL 706445, at *1 (S.D.N.Y. Nov. 13, 1997) (granting transfer of action to district in which arbitration proceedings were to occur); *see also U.S. v. Eberhard*, No. 03-562 2004 WL 616122, (S.D.N.Y. March 30, 2004) (noting that "at least one of the pending NASD arbitrations appears to be scheduled to take place in Los Angeles, California [] placing in question this Court's jurisdiction to stay that proceeding.").

[6] *See Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Lauer*, 49 F.3d 323, 328 (7th Cir. 1995) ) ("in this instance, however, this Court lacks the authority to compel the arbitration because it is scheduled to occur outside the

further held that § 4 of the FAA also requires that a court can only enjoin arbitration that is to be conducted in its own district.[7]

Goldman is forum shopping in this Court because it knows that the proper forum for its injunction suit, the District Court for the Eastern District of North Carolina, would be bound to allow NCMPA1's arbitration to proceed under the Fourth Circuit's recent decision in *UBS Fin. Services, Inc. v. Carilion Clinic*, 706 F.3d 319 (4th Cir. 2013) (holding that Carilion Clinic did not waive its right to FINRA arbitration, even though the parties Broker-Dealer Agreement contained a substantially identical forum selection clause to the one at issue in this case).[8]

Restricting motions to enjoin arbitration to the district courts where the arbitration is taking place discourages "forum-shopping gamesmanship" like we have here.[9] This is especially true here, where Goldman has obviously attempted to avoid the controlling precedent of the Fourth Circuit, which has already held that the same forum selection clause on which Goldman relies does not require an injunction of FINRA arbitration proceedings. This Court should therefore apply the reasoning of the Seventh Circuit and *Kipany* recognizing that an order to enjoin arbitration may only be issued by the district court where the arbitration is to be held, and transfer this matter to the District Court for the Eastern District of North Carolina.

Respectfully,

James R. Swanson

cc:   All Counsel of Record (*By Email*)

---

Southern District of New York."); *see also Protostorm, LLC v. Antonelli, Terry, Stout & Kraus, LLP*, No. 08-931, 2010 WL 785316 (E.D.N.Y. Mar 8, 2010) ("A district court has no authority under Section 4 to compel arbitration outside its district."); *Nat'l City Golf Fin. v. Higher Ground Country Club Management Co., LLC*, 641 F. Supp. 2d 196, 202 (S.D.N.Y. 2009) (same); *Bao v. Gruntal & Co., Inc.*, 942 F. Supp. 978, 983 (D.N.J. 1996) (same).

[7] See *supra*, note 5.

[8] The Carilion Clinic Broker-Dealer Agreement stated:
> The parties agree that *all actions and proceedings* arising out of this Agreement or any of the transactions contemplated hereby *shall be brought in the United States District Court* in the County of New York. To the extent permitted by law, *each of the parties hereto also irrevocably waives all right to trial by jury in any action, proceeding* or counterclaim arising out of this Agreement or the transactions contemplated hereby.

Id. at 329 (emphasis added in original).

[9] *Viets v. Arthur Anderson LLP*, 2003 WL 21525062 (S.D. Ind. 2003); *see also Indian Harbor Ins. Co. v. Global Transport Sys., Inc.* 197 F. Supp. 2d 1, 3 n. 2 (S.D.N.Y. 2002).

567011v.7