# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, NY 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.

FRANKFURT • LONDON • PARIS

BEIJING • HONG KONG • TOKYO

MELBOURNE • SYDNEY

April 4, 2013

Via E-mail

The Honorable Paul A. Crotty
    United States District Judge
    Southern District of New York
    500 Pearl Street, Room 640
    New York, NY 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4-5-13

Re: *Goldman, Sachs & Co. v. North Carolina Municipal Power Agency Number One*, No. 13 cv 1319 (S.D.N.Y.) (PAC)

Dear Judge Crotty:

On behalf of Goldman, Sachs & Co. ("Goldman Sachs"), I write in response to the April 2, 2013 letter from North Carolina Municipal Power Agency Number One ("NCMPA1") to the Court requesting a pre-motion conference relating to NCMPA1's proposed motion to transfer the above-referenced action, which seeks to enjoin a FINRA arbitration (the "FINRA Arbitration") commenced by NCMPA1 despite the forum selection clause in the parties' contracts designating this Court as the exclusive forum for any disputes.

Having brought the FINRA Arbitration in a transparent effort to avoid obvious limitations issues which it would otherwise face at the outset of any judicial proceeding, it is particularly ironic that NCMPA1 now accuses Goldman Sachs of "forum shopping" by bringing this action in the parties' contractually designated forum. (NCMPA1 Letter at 3) Indeed, having itself shopped for arbitration, NCMPA1 now shops again to try to avoid this Court's recent decision enforcing an identical forum selection clause and enjoining a similar arbitration brought by NCMPA1's counsel, *Goldman, Sachs & Co. v. Golden Empire Schools Fin. Auth.*, 2013 WL 500888 (S.D.N.Y. Feb. 8, 2013), *appeal docketed*, No. 13-797 (2d Cir. 2013), in the improper hope of applying the Fourth Circuit's contrary view in yet another case involving the same counsel and theories.[1]

NCMPA1's proposed motion to transfer, like its underlying arbitration, ignores the parties' exclusive forum selection clause and is based on its erroneous contention that Section 4 of the Federal Arbitration Act ("FAA") does not permit a federal court to enjoin arbitrations outside its district. This argument should be rejected for two basic reasons.

---

[1] *UBS Fin. Servs., Inc. v. Carilion Clinic*, 706 F.3d 319 (4th Cir. 2013).

The Honorable Paul A. Crotty                                                                                    -2-

*First*, the forum selection clause explicitly requires that "all actions and proceedings arising out of this Broker-Dealer Agreement or any of the transactions contemplated hereby shall be brought in the United States District Court in the County of New York and that, in connection with any such action or proceeding, [the parties] submit to the jurisdiction of, and venue in, such court." (Compl. Ex. 3 at 14)[2] That is precisely what Goldman Sachs has done by bringing this action here, and to have brought the action elsewhere would violate that provision. Goldman Sachs' action does not, as NCMPA1 contends, seek a general injunction under the FAA, but merely requests specific enforcement of a private contract as to which "[t]he grant or denial of specific performance is a matter of sound judicial discretion." *See*, *e.g.*, *Ambac Assurance Corp. v. Adelanto Pub. Util. Auth.*, 2013 WL 139557, at *6 (S.D.N.Y. Jan. 11, 2013). Thus, in *Golden Empire*, this Court enjoined an arbitration filed in California "*to enforce the parties' contract* as executed," without rooting its authority to do so in any provision of the FAA. *See* 2013 WL 500888, at *9 (emphasis added). (Indeed, NCMPA1's counsel—which also represented Golden Empire—did not even challenge venue in that case or suggest that this Court lacked authority to act.) Similarly, the Second Circuit in *In re Am. Express Fin. Advisors Sec. Litig.* affirmed in part an order "*to enforce [a] settlement agreement* that would enjoin the [defendants] from pressing any of their claims before FINRA arbitrators" outside of New York. 672 F.3d 113, 119 (2d Cir. 2011) (emphasis added). There is simply nothing in the FAA that deprives this Court of its power to enforce the parties' broker-dealer agreement. *See Miller v. French*, 530 U.S. 327, 336 (2000) ("[W]e do not lightly assume that Congress meant to restrict the equitable powers of the federal courts.... [W]e should not construe a statute to displace courts' traditional equitable authority absent the clearest command or an inescapable inference to the contrary[.]") (internal citation and quotation marks omitted).[3]

*Second*, irrespective of the binding forum selection clause, NCMPA1's claim that this Court lacks the power to enjoin an arbitration in another federal district is wrong as a matter of law. In *Cortez Byrd Chips, Inc. v. Bill Harbert Constr. Co.*, the Supreme Court contrasted the venue provisions in Section 4 of the FAA with those in Sections 9 through 11, stating that Section 4 contains "even more obviously permissive language" allowing a court authority over arbitrations. 529 U.S. 193, 199-200 (2000). Given that the Court concluded that Sections 9 through 11 are permissive, it follows *a fortiori* that Section 4—the "more obviously permissive" venue provision of the FAA—is permissive as well and by no means prevents this Court from enjoining the FINRA Arbitration. Indeed, as the Ninth Circuit has explained, under *Cortez*, "the

---

[2] Indeed, NCMPA1 has conceded that, "[b]y signing the Broker-Dealer Agreement, NCMPA agreed ... that Goldman ... will bring its judicial claims arising out of that Agreement in the Southern District." (March 21, 2013 Response to Goldman Sachs' Pre-Conference Letter, at 3)

[3] NCMPA1's letter does not address this Court's power to enforce the forum selection clause in the parties' broker-dealer agreement. Likewise, none of the cases cited in NCMPA1's letter involved a forum selection clause or analyzed whether the FAA deprives a district court of its inherent power to provide injunctive relief. (*See* NCMPA1 Letter at 2 n.5)

The Honorable Paul A. Crotty -3-

FAA's venue provisions are discretionary, not mandatory," and therefore "nothing in the [FAA] requires that [plaintiff]'s action to enjoin arbitration be brought in the district where the contract designated the arbitration to occur." *Textile Unlimited, Inc. v. A..BMH & Co.*, 240 F.3d 781, 784 (9th Cir. 2001).

NCMPA1 is also wrong that the "only court in this district to directly address this issue . . . [has] held that the FAA only allows [the] court to enjoin arbitrations in its own district." (NCMPA1 Letter at 2) The Second Circuit has confirmed that, "[t]o allow a federal court to enjoin an arbitration [which was proceeding outside of New York] which is not called for by the contract interferes with neither the letter nor the spirit of the FAA." *In re Am. Express*, 672 F.3d at 141 (quotation omitted). The Second Circuit has also recently affirmed an order from this Court enjoining a FINRA arbitration seated in Boca Raton, Florida, on the basis that the FINRA claimant was not a "customer" of the respondent under FINRA rules. *Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 39 (2d Cir. 2010); Compl. ¶ 3, *id.*, No. 08-cv-05520 (S.D.N.Y. June 18, 2008), ECF No. 1 (identifying location of FINRA arbitration).[4]

Goldman Sachs accordingly submits that there is no basis for NCMPA1's proposed motion to transfer this action to the Eastern District of North Carolina. Given that the Court has previously scheduled a pre-motion conference on Goldman Sachs's proposed preliminary injunction motion for April 16 at 5:00 p.m., we respectfully suggest that any questions the Court may have as to NCMPA1's proposed motion be addressed at that time.

Respectfully submitted,

*Matthew A. Schwartz*

Matthew A. Schwartz

cc:   All Counsel of Record (by e-mail)

---

[4] All of the cases cited by NCMPA1—most of which are from outside this Circuit—are inapposite. In fact, the only case that NCMPA1 has cited from this district that transferred an action seeking to enjoin arbitration, *Kipany Prods., Ltd. v. RMH Teleservices., Inc.*, No. 97-cv-7599, 1997 WL 706445, at *1 (S.D.N.Y. Nov. 13, 1997), was decided in part based on the relative convenience to the parties of transferring the action outside the Southern District. *See Maronian v. Am. Commc'n Network, Inc.*, 2008 WL 141753, at *2 (W.D.N.Y. Jan. 14, 2008) (noting that the *Kipany* court "did not specifically find that venue in its district was incorrect, but instead, reasoned that transfer was advisable"). *Kipany* is also (i) no longer persuasive given the Supreme Court's later decision in *Cortez*, 529 U.S. 193, (ii) incompatible with this Court's ruling in *Golden Empire*, 2013 WL 500888, at *9 (enjoining arbitration in California), and (iii) incompatible with the Second Circuit's 2010 decision in *Citigroup* and 2011 decision in *In re American Express* affirming injunctions of FINRA arbitrations outside this district.