# FISHMAN HAYGOOD PHELPS
# WALMSLEY WILLIS & SWANSON, L.L.P.

201 ST. CHARLES AVENUE
46TH FLOOR
NEW ORLEANS, LOUISIANA 70170-4600
(504) 586-5252
FAX (504) 586-5250

JAMES R. SWANSON
(504) 586-5267 DIRECT
JSWANSON@FISHMANHAYGOOD.COM



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4-19-13

April 19, 2013

*Via Email:*
Marlon_Ovalles@nysd.uscourts.gov
CrottyNYSDChambers@nysd.uscourts.gov

2585-01

The Honorable Paul A. Crotty
United States District Judge
Southern District of New York
500 Pearl Street, Chambers 735
New York, NY 10007

    Re:    *Goldman, Sachs & Co. v. North Carolina*
             *Municipal Power Agency Number One*,
            No. 13-cv-1319 (S.D.N.Y.) (PAC)

Dear Judge Crotty:

      Previously, on April 2, 2013, Defendant North Carolina Power Agency Number One ("NCMPA1") filed a pre-motion letter asserting that venue in the above-captioned matter was improper and the case should be transferred to the Eastern District of North Carolina. That motion was described as a "motion to transfer venue." On April 16, 2013, the parties had a pre-motion conference and agreed that NCMPA1 would file its motion to transfer for improper venue on April 26, 2013. Undersigned counsel is concerned, however, that a motion to transfer under 28 U.S.C. § 1404 will not preserve NCMPA1's defense of improper venue in this matter.

      In order to avoid waiver of a defense of improper venue under Rule 12(b), Defendant NCMPA1 respectfully files this pre-motion letter in advance of filing a motion to dismiss the above-referenced matter for improper venue or, alternatively, to transfer it to the District Court for the Eastern District of North Carolina. For the reasons expressed in the April 2, 2013 letter, NCMPA1 believes that venue in this matter is controlled by section 4 of the Federal Arbitration

1

Act ("FAA"), which mandates that an action to enjoin an arbitration must be brought in the district in which arbitration is pending; here, the Eastern District of North Carolina.[1]

Defendant NCMPA1 does not believe that a pre-motion conference is necessary, given that the parties discussed the venue issues at the conference on April 16, 2013. If the court believes that a separate pre-motion conference is necessary for this motion, however, NCMPA1 asks that one be scheduled promptly.

Respectfully,

James R. Swanson

cc:   All Counsel of Record (*By Email*)

---

[1] *See, e.g., Faulkenberg v. CB Tax Franchise Sys., LP*, 637 F.3d 801, 806 (7th Cir.2011) (holding that "a Rule 12(b)(3) motion to dismiss for improper venue, rather than a motion to stay or to compel arbitration, is the proper procedure to use when the arbitration clause requires arbitration outside the confines of the district court's district"); *Prudential Secs., Inc. v. Desmond*, No. CIV.A. 96-CV-8407 (E.D Pa. Sept. 5, 1997).