

Financial Industry Regulatory Authority

PJM___ JLK___ EAR___
JC___ MC___ PB___ RH___ EF___
ARS___ HSY___ HP___
CAL___ CP___ PBW___

January 8, 2013

COPY -- SEE RECIPIENT LIST

Subject:   FINRA Dispute Resolution Arbitration Number 13-00004
           North Carolina Eastern Municipal Power Agency vs. Citigroup Global Markets, Inc.

Dear Mr. Walters:

FINRA sponsors a forum for securities dispute resolution. Our arbitration program administers claims involving customers of brokerage firms and disputes between brokerage firms and their employees. Arbitration is a method of having a dispute between two or more parties resolved by impartial persons. Any type of dispute, claim, or controversy arising out of business dealings with any FINRA firm or registered person can be resolved in arbitration.

You have been named as a party in this arbitration, which the claimant(s) filed on **December 21, 2012**. Enclosed is a copy of the Statement of Claim filed by the claimant(s). You are required by FINRA rules to arbitrate this dispute.

This office administers arbitration cases according to the FINRA Codes of Arbitration Procedure (Codes). The Codes are separated into three parts: the Customer Code, the Industry Code, and the Mediation Code. The most up-to-date version of the Codes can be accessed or downloaded from our Web site at www.finra.org. In addition, our Web site provides various resources for parties, including the *Party's Reference Guide* which includes important information about the arbitration process. In addition, there is a short video on FINRA's Web site showing what to expect during the FINRA arbitration process (go to www.finra.org, click on the link to *Arbitration and Mediation*, and then click *Resources for Parties*). If you do not have access to the Internet, you may call our office to request a copy of arbitration materials.

### Filing a Statement of Answer

You are required, on or before **February 27, 2013**, to directly serve each party with a signed and dated submission agreement (form enclosed) and answer to the statement of claim specifying the relevant facts and available defenses to the statement of claim. At the same time that the answer to the statement of claim is served on the other parties, you must file with FINRA an original and three copies of the following: the submission agreement, the answer to the statement of claim, and any additional documents submitted with your answer. Please send these documents and all other subsequent correspondence to the attention of the undersigned. In your submission, you should also establish proof of service on the other parties to this matter, which is a signed statement indicating the date, time, and manner of service.

---

Rule 12308 of the *Customer Code* and Rule 13308 of the *Industry Code* provide that, if you do not answer within the time period specified above, the panel may, upon motion, bar you from

Investor protection. Market integrity.    Dispute Resolution          Boca Center Tower 1         t  561 416 0277
                                         Southeast Regional Office   5200 Town Center Circle    f  301 527 4868
                                                                     Suite 200                  www.finra.org
                                                                     Boca Raton, FL
                                                                     33486-1015



RECEIVED   EXHIBIT D

presenting any defenses or facts at the hearing, unless the time to answer was extended in accordance with the Codes. In addition, if you answer a claim that alleges specific facts and contentions with a general denial, or fail to include defenses or relevant facts in your answer that were known to you at the time the answer was filed, the panel may bar you from presenting the omitted defenses or facts at the hearing.

With the claimant's written consent, you may obtain extensions of time to answer. In accordance with Rule 12207 of the *Customer Code* and Rule 13207 of the *Industry Code*, FINRA staff will not grant you an extension of time to answer, except upon a showing of good cause. If the claimant agrees to extend your time to file your answer, please notify FINRA in writing of the new deadline for filing your answer. You should also send a copy of that notice to the claimant and all other parties.

If you receive an amended statement of claim you should review Rule 12310 of the *Customer Code* or Rule 13310 of the *Industry Code* to determine your time to file a response to the amendment.

### CRD Reporting Obligations for Registered Representatives

Article V, Section 2(c) of the FINRA By-Laws provides that registered representatives must keep their CRD registration current. Therefore, you are advised to review the Form U4 to determine if disclosure of this matter is required. If so, your failure to update your registration application may result in the filing of a formal complaint based on any omission. Any questions regarding this disclosure requirement should be directed to the FINRA Member Services Phone Center at (301) 590-6500.

### Filing Other Claims

The answer to the statement of claim may include any counterclaims against the claimant, cross claims against other respondents, or third party claims, specifying all relevant facts and remedies requested, as well as any additional documents supporting such claim. When serving a third party claim, you must provide each new respondent with copies of all documents previously served by any party, or sent to the parties by FINRA. If the answer to the statement of claim contains any counterclaims, cross claims or third party claims, you must pay all required filing fees at the time of filing. Parties may pay filing fees for counterclaims, cross claims or third party claims by check or money order payable to "FINRA Dispute Resolution" and should mail payments to the FINRA Dispute Resolution Regional Office administering the case. Please write the name of the counterclaimant, cross claimant or third party claimant and case number on the check or money order.

### Hearing Location

For customer disputes, Rule 12213 of the *Customer Code* provides that FINRA will generally select the hearing location closest to the customer's residence at the time the dispute arose, unless the customer requests in his/her initial filing a hearing location in the customer's state of residence at the time the dispute arose.

For industry disputes, Rule 13213 of the *Industry Code* provides that FINRA will generally select the hearing location that is closest to the location where the associated person was employed at the time the dispute arose. In industry disputes involving FINRA firms only, unless the firms are

located in the same city, FINRA will consider a number of factors when deciding the hearing location. These include the following:

- signed agreements to arbitrate;
- who initiated the transactions or business at issue; and
- location of essential witnesses and documents.

If all parties in any arbitration agree to a hearing location, FINRA ordinarily will select that hearing location.

FINRA has selected **Raleigh, NC** as the hearing location for this case. FINRA will consider changing the hearing location upon motion of a party. After the panel is appointed, however, the panel will decide any motion relating to changing the hearing location.

### Number of Arbitrators

Rule 12401 of the *Customer Code* and Rule 13401 of the *Industry Code* provide that one arbitrator will decide this case if the amount of the claim is $100,000 or less, exclusive of interest and expenses, unless all parties agree in writing to three arbitrators. If this claim is more than $100,000 or for an unspecified or non-monetary amount, a panel of three arbitrators will be selected to decide the case, unless all parties agree in writing to the appointment of a single arbitrator to decide the case.

There are several benefits to the appointment of a single arbitrator, including: 1) reduced hearing session fees because hearings sessions with one arbitrator cost substantially less than hearing sessions with three arbitrators ($450 per hearing session versus $1,200 per hearing session in cases with over $500,000 in damages), 2) reduced fees for other events such as initial pre-hearing conferences, other pre-hearings, and postponements, 3) reduced case processing times because single arbitrators do not need to coordinate their calendars with co-panelists to schedule a hearing, 4) reduced party effort in the arbitrator selection process because parties will receive one list of 10 names from which to choose their arbitrator, rather than three lists of 10 names each (i.e., parties will only need to research the disclosures and histories of 10 proposed arbitrators instead of 30), 5) reduced costs for photocopying pleadings and exhibits (by two-thirds), and 6) less likelihood of last minute changes in hearing dates because of arbitrator scheduling issues.

### Representation of Parties

Rule 12208 of the *Customer Code* and Rule 13208 of the *Industry Code* provide that parties may represent themselves or may be represented by an attorney admitted to practice and in good standing in any jurisdiction. A party may be represented by a non-attorney, unless state law prohibits such representation, the person is currently suspended or barred from the securities industry in any capacity, or the person is currently suspended from the practice of law or disbarred.

### Discovery

Rule 12505 of the *Customer Code* and Rule 13505 of the *Industry Code* provide that parties must cooperate to the fullest extent practicable in the exchange of documents and information to expedite the arbitration. Parties in customer cases should carefully review the *FINRA Discovery Guide* and *Document Production Lists*, which can be downloaded from our Web site at www.finra.org. Upon request, FINRA will provide the parties with a copy of the *Discovery Guide* and *Document Production Lists*. Document Production Lists 1 and 2 describe the documents that are presumed to be discoverable in all arbitrations between a customer and a firm or registered person. Parties should not file with FINRA copies of correspondence relating to the exchange of documents and information, except as provided below.

### Motions

As explained in Rule 12503 of the *Customer Code* and Rule 13503 of the *Industry Code*, written motions are not required to be in any particular form. Motions may take the form of a letter, legal motion, or any other form that the panel decides is acceptable. Motions include all requests to the arbitrators or the Director of Arbitration, including challenges for cause and recusal requests. Any written request to the arbitrators or the Director of Arbitration will be treated as a motion even when it is not expressly labeled as a motion by a party. Written motions must be served directly on all other parties, at the same time and in the same manner. Written motions must also be filed with the FINRA staff member assigned to your case, with additional copies for each arbitrator, at the same time and in the same manner in which they are served on the parties. Responses to written motions must be served directly on each other party, at the same time and in the same manner. Responses to written motions must also be filed with the FINRA staff member assigned to your case, with an additional copy for the arbitrator, at the same time and in the same manner in which they are served on the parties.

### Motion Response Deadlines

**Generally.** Under Rule 12503 of the *Customer Code* and Rule 13503 of the *Industry Code*, parties have 10 days from the receipt of a written motion to respond to the motion, unless the moving party agrees to an extension of time, or the panel decides otherwise. Parties have 5 days from the receipt of a response to a motion to reply to the response unless the responding party agrees to an extension of time, or the Director or the panel decides otherwise.

**Subpoenas.** Under Rule 12512 of the *Customer Code* and Rule 13512 of the *Industry Code*, parties have 10 calendar days from the receipt of a motion requesting that an arbitrator issue a subpoena to file a response, and moving parties have 10 calendar days from receipt of the response to submit a reply.

**Motions to Dismiss.** Motions to dismiss have different response deadlines.
Parties should review Rules 12206(b) and 12504 of the *Customer Code* and Rules 13206(b) and 13504 of the *Industry Code* for the applicable response deadlines.

### Motions to Dismiss

Rule 12504 of the *Customer Code* and Rule 13504 of the *Industry Code* limit significantly the filing of motions to dismiss in the arbitration forum and impose strict sanctions against parties who engage in abusive motion practices. These rules specify the following three limited

grounds on which a motion to dismiss may be granted before a claimant finishes presenting his/her case: 1) the non-moving party signed a settlement and release; 2) the moving party was not associated with the account, security, or conduct at issue; or 3) the claim does not meet the criteria of the eligibility rule (contained in *Customer Code* Rule 12206 and *Industry Code* Rule 13206).

### Fees

Any time a fee is assessed to you during the case, you will receive an invoice that reflects the fee assessed. At the conclusion of the case, you will receive a Statement of Account that reflects the fees assessed and any outstanding balance or refund due. Fees are due and payable to FINRA Dispute Resolution upon receipt of an invoice and should be sent to the address specified on the invoice. All questions regarding the assessment of fees should be directed to the regional office administering your case. All questions regarding the payment of fees and refunds should be directed to FINRA Finance at (240) 386-5910.

In the event multiple parties file a claim, and a single party pays the filing fees on behalf of the other filing parties, FINRA will credit the paying party the amount of the payment. In the event the parties' representative or non-party pays the filing fee on behalf of all the filing parties, FINRA will credit the first named party in the claim the amount of the payment.

At the conclusion of the case, FINRA will use the filing fee funds to pay fees owed by any of the parties that jointly filed the claim. FINRA will evenly distribute the funds to pay each party's fees. If any funds remain for any of the parties, FINRA will use those funds to pay the balance of fees owed by any other parties that filed the claim.

### Expungement Requests

FINRA rules provide for strict standards and procedures for expungement of customer dispute information from the CRD system. This rule protects the ability of investors to obtain accurate and meaningful data about firms and brokers by permitting expungement only under appropriate circumstances. Under Rule 2080, an arbitrator may grant expungement only when the claim, allegation, or information in the customer dispute is factually impossible or clearly erroneous; the broker was not involved in the alleged misconduct; or the claim, allegation, or information is false. In addition, Rule 12805 of the *Customer Code* and Rule 13805 of the *Industry Code* require arbitrators considering an expungement request to hold a recorded hearing session by telephone or in person, provide a brief written explanation of the reasons for ordering expungement, and, in cases involving settlement, review the settlement documents to examine the amount paid to any party and any other terms and conditions of the settlement.

### Explained Decisions

The arbitrators will provide an explained decision at the parties' joint request. An explained decision is a fact-based award stating the general reasons for the arbitrators' decision. FINRA rules require parties to submit any joint request for an explained decision at least 20 days before the first scheduled hearing date.

If you have any questions, please do not hesitate to contact me.

Very truly yours,

*Bonnie Simon/lcc*

Bonnie R. Simon
Senior Case Administrator
Phone:   561-416-0277
Fax:       301-527-4868
FL-Main@finra.org

BRS:lcc:LC39E
idr: 02/09/2012

Enclosures

CC:
    Peter J. Mougey, North Carolina Eastern Municipal Power A
    316 S. Baylen Street, Ste. 600, Pensacola, FL 32502

RECIPIENTS:
    Harry T. Walters, Citigroup Global Markets, Inc.
    Morgan Stanley Smith Barney, Legal And Compliance Division, 485 Lexington Avenue, 11Th Floor, New York, NY 10017